■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN S. DIBBLE, Appellant. [814 NYS2d 556]—Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered February 7, 2005, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to rape in the third degree and received a split sentence of five years of probation and six months in jail. He subsequently admitted to violating the terms of his probation. At the time of defendant's admission, County Court advised him of various sentencing options, but did not commit to any particular one. Thereafter, County Court revoked defendant's probation and resentenced him to 1½ to 3 years in prison on the rape charge. The clerk subsequently corrected the sentence on the certificate of conviction to indicate that defendant was sentenced to 1 to 3 years in prison. This appeal ensued.*

Defendant correctly asserts that inasmuch as he is not a second felony offender, County Court's sentence of 1½ to 3 years in prison is illegal and the clerk was without authority to correct it on the certificate of conviction.

Mercure, J.P., Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed on his conviction of rape in the third degree; matter remitted to the County Court of Franklin County for resentencing; and, as so modified, affirmed.

---

* Notably, the relief which defendant seeks was also available in County Court in a postjudgment motion under CPL 440.20 (1) to set aside the sentence as "unauthorized, illegally imposed or otherwise invalid as a matter of law." Pursuant to that statute, "an illegal sentence [is] subject to challenge and rectification in the trial court without compelling the defendant to pursue the more lengthy and cumbersome appellate procedure" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 440.20, at 11).